392 So.2d 118 (1980)
FIDELITY FINANCIAL SERVICES, INC.
v.
Edward E. McCOY.
No. 13592.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
*119 George R. Covert, Baton Rouge, for plaintiff.
Charles W. Borde, Jr., Denham Springs, for defendant.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
This is a suit on a promissory note defended successfully by the defendant-appellee, Edward E. McCoy, on the ground of insanity. The trial court also ordered the cancellation of a chattel mortgage which was granted by the defendant at the same time.
Plaintiff-appellant, Fidelity Financial Services, Inc., appeals the judgment contending that the lower court erred: (1) in finding that the defendant had proven the incapacity of the defendant to have existed at the time the contract was made; and (2) in ordering the cancellation of the chattel mortgage, including the automobile financed, when such cancellation was not sought in the suit.
The record establishes that Mr. McCoy was discharged from the U.S. Army in 1960 because of his mental condition and that he has been receiving psychiatric treatment and medication at the V.A. hospitals in New Orleans and Gulfport ever since. His wife, his son, and two other persons from the community testified that they knew and that it was commonly known in the community that defendant was mentally incapable of handling his affairs. Mr. McCoy was interdicted after the filing of this suit by judgment rendered on April 19, 1979.
Plaintiff's only witness was its vice president and general manager who negotiated the loan. He testified that a car dealer, for whom he was then handling automobile financing, brought Mr. McCoy to his office to secure a loan for the purchase of a 1973 Chevrolet Malibu automobile; that he obtained all the information contained in the chattel mortgage (another car, a tractor, a T.V., and other household goods) from Mr. McCoy; that the whole transaction took about forty-five minutes; and that Mr. McCoy appeared to be normal.
To annul the contract the law requires that the defendant proves he was incapacitated at the time of the contract [La.C.C. art. 1788(2)] and that it was generally known by those who saw and conversed with him or it was known to the person who *120 contracted with him [La.C.C. art. 1788(3)]. Louisiana Civil Code Article 402 has basically the same requirements.
The trial court found that the defendant had established his mental incapacity; that his condition was common knowledge in the community; and that the incapacity existed at the time of the contract.
Plaintiff's first specification of error is no more than an attack upon the court's evaluation of the credibility of the witnesses. We hold that the determination of the trial court is based upon a reasonable evaluation of credibility and of the evidence presented. Our review of the entire record convinces us that the trial court was correct in its findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Plaintiff argues in brief it had carried its burden of proof to establish that the contract was made during a lucid interval. La.C.C. art. 1788(9). Mr. Brown was plaintiff's only witness, although the record establishes that the car dealer was present during the loan preparation and he was available as a witness. Failure of plaintiff to call this witness raises a presumption that his testimony would be unfavorable to plaintiff. Morgan v. Matlack, Inc., 366 So.2d 1071 (La.App. 1st Cir. 1979) and cases cited therein.
But even without that presumption, we find that the plaintiff failed to carry its burden of proof. Although plaintiff claims it obtained all the information about the other items in the chattel mortgage from Mr. McCoy, its representative testified that he had consulted a "credit bureau" and obtained all of the financial transactions of Mr. McCoy. The record therefore is not clear as to what information Mr. McCoy furnished and what information was furnished by a third person.
Plaintiff's second specification of error relates to the cancellation of the chattel mortgage. It contends that defendant did not pray for cancellation of the chattel mortgage and it was therefore improper for the trial court to order the cancellation.
Plaintiff, in the body and in the prayer of its petition, sought to have its chattel mortgage recognized. The question of the validity of the chattel mortgage was therefore before the trial court. Upon finding that the defendant lacked mental capacity to contract and that the chattel mortgage was invalid, it was proper for the trial court to order the cancellation of the chattel mortgage.
For these reasons, the judgment of the trial court is affirmed at plaintiff's costs.
AFFIRMED.