KLIEBERT, Judge.
In July, 1976, the defendant, The Mutual Life Insurance Company of New York (hereafter MONY), issued to plaintiff, Ro-gert A. Francois (hereafter Francois), a disability income policy. In August, 1976, defendant injured his back while installing a tile floor. The injuries resulted in hospitalization and excision of herniated discs at the L4,5 and L5-S1 levels. He also had a herniated disc at L3,4. The medical evidence indicated it was better not to excise this disc because it might result in nerve root damage. MONY paid disability benefits under the policy from August, 1976 until August, 1978, at which time MONY contended Francois was no longer disabled within the meaning of the contract of insurance and discontinued payments.
The plaintiff brought this action to recover disability benefits and a return of premiums paid (under a waiver of premium clause contained in the policy). Plaintiff also prayed for penalties and attorney fees. The trial court rendered judgment in favor of plaintiff for $1,000.00 per month from September 12, 1978 and continuing through the period of disability, with judicial interest thereon from the date payment was due until paid and for $1,012.00 (being the two premium payments made by the plaintiff during his disability). MONY appealed, contending the trial court was in error in finding Francois was disabled within the meaning of the policy and for ordering a continued payment of the disability benefits without requiring Francois to undergo continued medical treatment or to provide periodic proof of the continuation of his disability as a precondition for the payment of future benefits.
At the time the application for the policy was issued, Francois worked for his family owned, small corporation, R. Francois Interiors, Inc. The agent for MONY elicited information from Francois as to his occupation and wrote on the application for insurance in answer to the questions as to his present and former occupations in the last five years the following: “President-Management of Sales of Drapery, Carpet, interi- or decor.”.
The policy issued to Francois contained the following definition of total disability, to-wit:
“Total Disability means a disability which wholly prevents Insured from engaging in his regular occupation.
However, after the first 24 months of any one continuous period of such disability, it shall not then and thereafter constitute total disability unless during its further continuance it shall also wholly prevent the Insured from engaging in any occupation for remuneration or profit for which he is, or may be, reasonably fitted by education, training, or experience, having due regard for the Insured’s vocation at the time such disability commences.
In no event shall total disability be deemed to exist for any period of disability during which the Insured is not under the regular care and attendance of a legally qualified physician other than himself.”
*1294 The trial court found a major function of Francois’ job involved heavy manual labor such as laying tile floors, laying carpets and hanging draperies. Since plaintiff has been unable to perform this work since August, 1976, the trial court found him totally disabled within the meaning of the policy. The defendant does not seriously dispute the medical evidence that Francois is unable to perform the manual work, but strenuously contends the proper test against which to measure Francois’ present disability is his ability to perform the duties involved in being the President-Manager of his corporation and a salesman of draperies and carpets rather than that of a manual laborer installing floor tiles, carpets and draperies.
In the interpretation of disability policies, our courts have adopted a liberal interpretation and repeatedly held that total disability in policies similarly worded to that involved here contemplates “inability to do substantially all the material acts necessary to the prosecution of the insured business or occupation in substantially his usual and customary manner.” Crowe v. Equitable Life Assur. Soc., 179 La. 444, 154 So. 52 (1934); Ayres v. New York Life Ins. Co., 219 La. 945, 54 So.2d 409 (1951); Scalia v. Travelers Insurance Company, 210 So.2d 373 (2nd Cir. 1968); Foret v. Aetna Life and Casualty Company, 337 So.2d 676 (3rd Cir. 1976).
Although strenuously disputed by the defendant, there is substantial evidence supporting the plaintiff’s position that prior to the back injury most of Francois’ time was spent in laying tile floors, installing carpets and hanging drapes. His testimony to that effect was corroborated by his wife, son and two friends. Additionally, since the injury, Francois’ wife works in the business (as an employee of the family owned corporation) doing most of the managerial and sales work previously performed by the plaintiff, and his son (as a sub-contractor), does most of the manual work formerly performed by Francois. Notwithstanding the employment of Francois’ wife by the family owned corporation, it continued to pay Francois’ salary.
Dr. Pusateri testified Francois had a thirty percent (30%) disability of the body and is totally and permanently disabled from doing manual labor. Ms. Smith, an occupational therapist, testified Francois was functionally disabled to perform the manual work of laying floor tiles, installing carpets and hanging drapes.
No counter medical evidence was submitted by the defense. Instead, defendant introduced evidence showing plaintiff was doing some physical work, was making some sales and was supervising some manual work. Additionally, MONY’s Director of Individual Claims testified that as a result of the information supplied by Francois as to his occupation, he was issued a policy at a premium and for a non-professional who performs primarily management and supervisory functions rather than that of a laborer. As a laborer he testified the maximum coverage MONY would have issued to Francois was $600.00 per month for two years. Further, he testified MONY had private investigators confirm that Francois’ occupation at the time the policy was issued was that of President and Manager of an interior decorating firm. Based on this evidence, MONY contends Francois is not disabled because he is not performing the same occupation he was performing at the time the application for insurance was completed; i. e., performing the function of the President and Manager of the family owned corporation.
The trial court did not nor do we dispute the testimony of MONY’s Director of Individual Claims. The trial court observed, however, that the agent who wrote out the application did not appear to testify. We note that the private investigators who were to confirm Francois’ occupation at the time the application for the insurance was completed did not appear and testify. Instead MONY relied on the occupation stated in the application form and argued that since plaintiff is now able to perform the function of the occupation stated in the policy he is not disabled within the meaning of the policy. The trial court did not accept MONY’s argument, nor do we.
*1295 Under the provisions of the policy, MONY guaranteed to Francois that he could maintain the policy in force until he reached age 65 by paying the premiums and during that time MONY would not have the right “to reduce benefits, otherwise payable because of a change to a more hazardous occupation.” Thus, the policy not only contemplates, but in addition guarantees the right of the insured to change occupation without an increase in premiums or a decrease in benefits. Disability, therefore, is not tested from the occupation stated in the application for insurance; but rather, from the occupation the insured was engaged in at the time of the injury.
Here the trial judge found a major portion of Francois’ occupation was laying tile floors and carpets and hanging drapes at the time the application was completed and at the time of the injury. Tested against that, he concluded from the lay testimony and the medical testimony that Francois was disabled. As a reviewing court, we must give great weight to factual conclusion of the trier of fact and, where there is conflict in testimony, reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed. Canter v. Koehring Co., 283 So.2d 716 (La. 1973). We cannot conclude from the record here that the trial judge erred in the finding of these facts. Further, in answer to defendant’s argument that the test for Francois’ disability had to be the occupation stated in the application of the policy, the trial judge stated that as a matter of law the defendant’s failure to call as a witness the agent who completed the application raised the legal presumption that the testimony of the witness would be unfavorable to the defendant. Although not necessary to a decision here, we are in accord with this legal conclusion of the trial judge. Fidelity Financial Services v. McCoy, 392 So.2d 118 (1st Cir. 1980); Morgan v. Matlack, Inc., 366 So.2d 1071 (1st Cir. 1979) and cases cited therein.
MONY also contends the trial court erred in ordering MONY to continue making disability benefits for the duration of the disability without requiring the plaintiff to undergo continued medical treatment or to provide periodic proof of the continuation of his disability as a pre-condition for the payment of future benefits. In answer to this contention, plaintiff counsel said: “plaintiff does not contest the defendant’s right as a matter of law to require him to comply with the provisions of the insurance policy which requires periodic proof of the continuation of the disability.” We agree the trial court cannot abrogate the defendant’s rights under the policy and that the trial court judgment is unclear on this issue. Accordingly, we amend the trial court judgment to provide that in the future in accordance with the policy provisions, plaintiff is required to give to the defendant, at least once every six months, notice of the continuation of his disability and defendant has the right, at his cost, to have the plaintiff examined by physicians of his choice during the period of disability. As so amended, the judgment is affirmed. Each party to bear his own cost of the appeal.
AMENDED AND AFFIRMED.