634 So.2d 1254 (1994)
Prinella Francis ANDRUS Indiv., etc., Plaintiff-Appellant,
v.
Arista ANDRUS, et al., Defendants-Appellees.
No. 93-856.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
*1255 Orida B. Edwards, Lafayette, for Prinella Francis Andrus, Indiv., etc.
Ashton Joseph Landry, Lafayette, for Arista Andrus, et al.
Before GUIDRY, LABORDE and THIBODEAUX, JJ.
THIBODEAUX, Judge.
In dispute is the validity of a donation inter vivos of immovable property. Appellees, Arista Andrus and Lorena Simpson Andrus, executed an "Agreement to Donation" in favor of their son, Junius J. Andrus, who is now deceased. The agreement purported to transfer a parcel of land located in Lafayette Parish, Louisiana. The trial court held that the act purporting to donate the property to Junius did not comply with La.Civ.Code art. 1536 and, therefore, was the property of the appellees, Arista and Lorena. The court further found that the appellant, Prinella Francis Andrus, Junius's widow, was entitled to one half of the community funds used to enhance the property and awarded her $6,667.22, which represented her community interest.
For the following reasons, we affirm.

FACTS
The facts of this case are undisputed. Appellant, Prinella Andrus, is the surviving spouse of Junius, who died intestate on October 15, 1991. Prinella and Junius were married on March 22, 1986 and one child, Jonathan Joseph Andrus, was born of the marriage. On October 20, 1986, Arista and Lorena executed an act entitled "Agreement to Donation" in favor of their son, Junius. The act purported to donate the following described property:
"This certain parcel of ground in Ward 3, a section of Sec. 37, T98, R3E, Lafayette Parish, Louisiana, containing 2.4 arpents and located on Louis Arceneaux Road."
The Act was filed in the records of the Lafayette Parish Clerk of Court. It was signed by Junius, Arista and Lorena, and two witnesses, one of whom was Prinella. The "Agreement to Donation" is reproduced below.
*1256 
*1257 Prinella and Junius were in the process of completing the interior of their brick family home constructed upon the above described parcel of land. Arista and Lorena consented to the couple building their home upon the property.
Trial on the merits was held on September 16, 1992. Following trial, the trial court held that the parcel of land at issue belonged to Arista and Lorena Simpson Andrus. The court based this finding on the fact that the instrument in question was not properly authenticated pursuant to La.Civ.Code art. 1536 and, therefore, the immovable was not transferred. Further, the court found that Prinella was entitled to her community share of the improvements. The court determined that the total amount of community funds used to improve the parcel of land was $13,502.44. The trial court reached this figure by accepting page one of Prinella's detailed itemized list minus the amount representing the cost of a refrigerator for the sum of $1,452.33. Since it was a movable, he ordered its return to Prinella. It also deducted $168.00 since it was also represented by the cancelled checks submitted by Prinella for which she had already been given credit. The court further accepted the checks submitted by Prinella which totalled $2,163.67, representing the amount paid for electrical service labor.
It is from this judgment, signed March 15, 1993, that Prinella appeals asserting the following two assignments of error:
(1) The trial court erred in ruling that the parcel of ground at issue is the property of Arista Andrus and Lorena Simpson Andrus; and,
(2) The trial court erred in its computation of the award of damages to Prinella.

ISSUE
Was the instrument executed by Arista, Lorena and Junius on October 20, 1986, effective as an Act of Donation Inter Vivos of Immovable Property pursuant to La.Civ. Code art. 1536, thereby effectively transferring ownership of the property to their son, Junius.

LAW AND DISCUSSION
Prinella first contends that the parcel of land in dispute belongs to the estate of Junius, but that the house situated on the land is community property, which belongs to both she and the estate of Junius. On the other hand, Arista and Lorena contend that the act which they executed on October 20, 1986, is not enforceable as an act of donation and that if it is enforceable, the parcel of land is not community property but Junius's separate property.
There is no question that the act was passed in the presence of two witnesses, but at the bottom of the instrument is the sentence, "This instrument not prepared by notary." The provisions of La.Civ.Code art. 1536 are reproduced below:
Art. 1536. Donation of immovables or incorporeals, form required
An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.
The instrument involves the transfer of immovable property inter vivos; thus, it was required to be passed before a notary public as well as two witnesses. The "Agreement to Donation" obviously was not an authentic act as there is no proof in the record and no recital in the instrument that it was passed before two witnesses and a notary. See, Hardin v. Williams, 478 So.2d 1214 (La.1985). Plainly, the trial court was correct in finding that the act was not authentic and could not operate to transfer title to Junius. Because it was not an authentic act, the instrument was nothing more than an act under private signature. A donation of immovable property by act under private signature is null. Hardin, supra. The trial court was correct in holding that ownership of the property remains with Arista and Lorena.
*1258 Prinella next argues that in the event this court finds that the trial court was correct in holding that the donation was invalid, then she should be awarded damages based upon the theory of detrimental reliance, which she claims would allow her to recover the money she expended on the construction of the house and improvements to the parcel of land. In the further alternative, Prinella contends that she meets the requirements of a good faith possessor and, as such, she is entitled to either the reimbursement of the funds she expended for materials and labor, or the enhanced value of the land.
In support of her detrimental reliance claim, Prinella asserts that she relied, to her detriment, upon Arista's and Lorena's verbal promise to donate the land in dispute, which was later reduced to writing and filed. Prinella further claims that she incurred certain financial obligations, although she was under no obligation to do so, based on her reasonable reliance upon Arista's and Lorena's promise. Detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. John Bailey Contractor, Inc. v. State, DOTD, 439 So.2d 1055 (La.1983). Further, the supreme court listed in John Bailey Contractor, Inc., the three requirements necessary for recovery under the theory of detrimental reliance. Prinella must prove that: 1) Arista and Lorena made a representation; 2) she had a justifiable reliance in the representation; and, 3) a change in position to her detriment occurred because of her reliance. See also, La.Civ.Code art. 1967. Prinella failed to prove requirement number two under the theory of detrimental reliance. La. Civ.Code art. 1967 provides, in the last sentence, "Reliance on a gratuitous promise made without required formalities is not reasonable." Thus, Prinella's reliance based upon a donation that requires the formalities of authentic form was not justified. Simmons v. Sowela Technical Institute, 470 So.2d 913, (La.App. 3d Cir.), writ denied, 475 So.2d 1109 (1985). In Simmons, this court did not extend the doctrine of detrimental reliance to afford recovery to the plaintiff where the donation, was not in the required authentic form. The same result is warranted in the present case.
In support of her good faith possessor argument, Prinella cites the La.Civ.Code arts. 487 and 496, which provide:
Art. 487. Possessor in good faith; definition
For purposes of accession, a possessor is in good faith when he possesses by virtue of an act translative of ownership and does not know of any defects in his ownership. He ceases to be in good faith when these defects are made known to him or an action is instituted against him by the owner for the recovery of the thing.
* * * * * *
Art. 496. Constructions by possessor in good faith
When constructions, plantings, or works are made by a possessor in good faith, the owner of the immovable may not demand their demolition and removal. He is bound to keep them and at his option to pay to the possessor either the cost of the materials and of the workmanship, or their current value, or the enhanced value of the immovable.
Prinella claims that the land was donated to her deceased husband, which act constituted "an act translative of ownership." This argument is without merit because, as we stated above, the instrument entitled "Agreement to Donation" was not in authentic form. Hardin, supra. Although it is now an act under private signature, See, La.Civ.Code art. 1834, an act under private signature is not one translative of ownership where a donation inter vivos of immovable property is concerned. La.Civ.Code art. 1536.
Furthermore, we also find La.Civ. Code arts 495 and 497 pertinent to our discussion of appellant's claim. If component parts are attached to an immovable and are kept by the owner of the immovable, or if the owner does not demand demolition and removal of constructions or works by a bad faith possessor, the owner must pay the current value of the items which remain on the property, or the enhanced value of the immovable. *1259 Since Junius's parents, the appellees, have not demanded removal or demolition, these articles, at the very least, entitle Prinella to the current value of the improvements attached to the land. The trial court awarded this amount and we find no error in its award.
Prinella further contends that the trial court was in error in calculating the current value of the materials and/or improvements. She submitted an itemized list of the improvements made to the parcel of land in dispute connected with the construction of what was to be she and her husband's family home. In conjunction with the list of improvements, Prinella included the amount of funds expended on each improvement.
As to the first page of the list, Prinella submitted receipts evidencing the amount of money spent on each improvement listed. On the second page, she listed various loans and the amount of those loans as well as other improvement items and her estimation of their costs for which she did not have receipts. The trial court found, and we agree, that there is nothing in the record to indicate any of these loan funds were used for improvements made to the parcel of land. As to the improvement items for which Prinella did not have receipts, also on the second page, she claims that because she submitted the dollar amounts of those improvements without contradiction, the trial judge should have included those amounts in his calculation of community funds expended for the improvements as well. We disagree.
In Youn v. Maritime Overseas Corp., et al., 623 So.2d 1257 (La.1993), the supreme court stated that the discretion of the trial court in setting a damage award is great and even vast, so that this court should rarely disturb the damages award. It is Prinella's burden to prove, with legal certainty, every item of the damages claimed. This burden must be borne by competent evidence showing the extent of the damage and Prinella's own uncorroborated estimate of the value of the improvements is insufficient. Hargroder v. Protective Life Ins. Co., 556 So.2d 991 (La.App. 3d Cir.), writ denied, 559 So.2d 1367 (1990). In determining whether Prinella has discharged her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, absent circumstances casting doubt on its reliability. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). The trial court's determination as to whether Prinella has discharged her burden of proof is a factual determination not to be disturbed on review unless clearly wrong or manifestly erroneous. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993).
As to the amount of money Prinella and her late husband spent on improvements listed on the first page of her itemized list, Prinella submitted receipts which corroborated the estimated dollar amount she assigned to each item. However, as to the second page of the itemized list which included the loan funds, there is nothing in the record indicating the use to which those funds were put. Also on that page are additional improvement items for which there was no corroboration as to their cost by receipt or otherwise. Obviously, the trial court found that the lack of receipts evidencing the amounts spent on improvements listed on the second page of Prinella's exhibit shed doubt on its reliability and found that she did not discharge her burden of proof as to the cost of those improvements. We do not find that the trial court was clearly wrong or manifestly erroneous in reaching this conclusion. This argument is without merit.

CONCLUSION
Because the instrument which purported to donate the parcel of land in dispute was not passed before a notary and constituted only an act under private signature which, at most, was a promise to donate the land to Junius at some future date. It was not a valid and irrevocable donation of immovable property. Therefore, the trial court was correct in holding that the parcel of land in dispute belonged to Arista and Lorena Simpson Andrus as opposed to the estate of their deceased son, Junius. Further, we agree with the trial court's calculation of its award to Prinella based on the use of community funds in improving the parcel of land.
*1260 For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Prinella Francis Andrus.
AFFIRMED.
GUIDRY, J., concurs and assigns reasons.
GUIDRY, Judge, concurring.
I agree with the result reached by the majority in this case. The purported donation is clearly invalid. There is no recital in the act itself and no proof in the record to establish that the purported act was executed in authentic form, i.e., in the presence of a notary public and two witnesses. The act is, at best, an act under private signature which was later acknowledged. An act under private signature, albeit acknowledged, cannot substitute for an authentic act when the law prescribes such an act. La.C.C. art. 1833. I agree with the opinion author that plaintiff is not entitled to recover under the theory of detrimental reliance. On the issue concerning plaintiff's right to recover, since defendants, the purported donors, have not demanded demolition and removal of the improvements constructed on their property by plaintiff and her late husband, Junius, plaintiff is clearly entitled to recover one-half of the current value of the materials and of the workmanship of the separate improvements or the enhanced value of the immovable irrespective of whether plaintiff be classified as a good or bad faith possessor. See La.C.C. arts. 495, 496 and 497. The trial court concluded that the current value of the materials and workmanship amounted to the sum of $13,502.44 and awarded plaintiff one-half of that amount. I agree with the majority that the trial court's calculation in this regard is not clearly erroneous. For these reasons, I respectfully concur.