687 So.2d 1068 (1997)
Thomas ORR, Plaintiff-Appellant,
v.
BANCROFT BAG, INC. and F.A. Richard and Associates, Defendants-Appellees.
No. 29046-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1997.
*1069 Tracy L. Oakley, Ruston, for Plaintiff-Appellant.
Crawford & Anzelmo by Donald J. Anzelmo, Monroe, for Defendants-Appellees.
Before HIGHTOWER, GASKINS and CARAWAY, JJ.
HIGHTOWER, Judge.
After the trial court rejected his claims of wrongful termination and detrimental reliance, plaintiff Thomas Orr appeals. Finding no error, we affirm.

Facts
Orr injured his neck in a job accident while employed with Bancroft Bag, Inc. on March 12, 1994. He soon began receiving worker's compensation benefits through F.A. Richard and Associates ("F.A. Richard"), a third party administrator handling the claim. After several months of conservative treatment, Dr. Dharam Gurwara, neurologist, informed his patient, who no longer reported any problems, that he could return to work. Plaintiff, however, failed to advise his employer of this development. Instead, he contacted Victor Lonigro, an adjust or at F.A. Richard, claiming that Dr. Gurwara had discontinued the medical care but refused to release him to return to employment. When directly asked if the physician had informed him he could begin working again, Orr would not give a clear answer. Lonigro thus instructed the injured employee to make an appointment with the referring physician, Dr. Myron Bailey, to obtain the necessary release.
By mid-February 1995, however, Lonigro received a report stemming from Orr's January 1995 appointment with Dr. Gurwara and indicating that the patient indeed had been released to return to work. The letter specifically stated: "The last time when he was here [December 12, 1994] I had told him that *1070 he can return back to work; and since he is not having any problems, he can return back to work." Bancroft, upon discovering Orr's deception, terminated his employment as well as his worker's compensation payments.
Plaintiff then instituted this action against Bancroft (claiming damages for wrongful discharge under La. R.S. 23:1361) and against F.A. Richard (maintaining that he had relied, to his detriment, on Lonigro's promise to obtain a release for him). After trial on the merits, the district court accepted the employer's explanation for the termination, viz., that Orr had knowingly concealed his release to return to work, continued to collect his benefit checks, and refused to make an appointment with Dr. Bailey despite Lonigro's instructions. Likewise, the trial judge rejected the contention that the F.A. Richard adjustor had promised to procure a release on claimant's behalf. Plaintiff now appeals the dismissal of his claims.

Discussion
An employee shall not be discharged because of having asserted a claim for worker's compensation benefits. La. R.S. 23:1361. Even so, the employee bears the burden of proving he had been terminated for that reason. Lewis v. Willamette Industries, Inc., 537 So.2d 780 (La.App. 2d Cir. 1989), writ denied, 540 So.2d 331 (La.1989); Bailey v. Martin Brower Co., 94 1179 (La. App. 1st Cir. 04/07/95), 658 So.2d 1299. When the employer offers another justification in connection with firing a worker's compensation claimant, the trial court must ascertain the employer's true reason or motive based on the facts presented. Id. Such a determination concerns a factual conclusion that may not be disturbed by this court in the absence of manifest error. Bailey, supra.
In its reasons for judgment, the trial court specifically noted that it found Lonigro's testimony to be credible and his file notes in conjunction with this claim to be accurate. Those elements, along with the medical records and the statements of the other defense witnesses, directly corroborate the employer's explanation for the firing and, similarly, contradict Orr's unsupported assertions. Despite being told by Dr. Gurwara that he could return to work, plaintiff not only failed to disclose this fact but also denied it when bluntly asked. Moreover, claimant continued collecting his compensation payments during the period of deception. Obviously then, the trial court's factual determinations are reasonable. Furthermore, not being clearly wrong, the conclusions reached may not be disturbed on appeal. Stobart v. State, DOTD, 617 So.2d 880 (La.1993).
As for plaintiff's claim against F.A. Richard, the contours of the detrimental reliance concept are found within the statement of La. C.C. Art.1967 that "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." The doctrine is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. Andrus v. Andrus, 93-856 (La.App. 3d Cir. 03/02/94), 634 So.2d 1254. To recover under this theory, a plaintiff must prove three elements: a representation by conduct or work; justifiable reliance thereon; and a change of position to one's detriment because of the reliance. John Bailey Contractor, Inc. v. State, DOTD, 439 So.2d 1055 (La.1983); Andrus, supra. See also Oliver v. Central Bank, 26,932 (La.App.2d Cir. 05/10/95), 658 So.2d 1316, writ denied, 95-1469 (La.09/22/95), 660 So.2d 477.
Clearly, Orr failed to meet his burden in this regard. Although Lonigro's responsibilities, on behalf of Bancroft, included helping plaintiff bring the claim to a resolution, the adjustor fulfilled these duties. When claimant suggested that Dr. Gurwara would not release him to return to work, Lonigro instructed him to contact Dr. Bailey in order that this physician, who had originally treated Orr, could make an assessment and give a release if appropriate. Plaintiff declined to do so. In point of fact, periodic checks revealed that Orr made no effort to secure an appointment with the doctor's office. Thus, for the consequences of his own inaction and *1071 deceit, claimant cannot be heard to blame Lonigro.

Conclusion
Accordingly, finding no manifest error in the trial court's factual determinations, we affirm the judgment below at plaintiff's costs.
AFFIRMED.