LOLLEY, J.
hThe defendant in this matter, Future Expectations Community Care Services, L.L.C., appeals a judgment from the *1037 Eighth Judicial District Court, Parish of Winn, State of Louisiana, in favor of Delores Lee. For the following reasons, we affirm the trial court’s judgment and award an additional attorney fee on appeal.
Facts
Delores Lee was an employee of Future Expectations Community Care Services, L.L.C. (“Future Expectations”), and in that capacity provided in-home medical care to its patients. On January 3, 2012, while in the home of a patient, Lee lifted the patient and injured her back at about 10:45 a.m. She was not wearing a back brace.
According to Future Expectations, Lee did not report the injury, despite a company policy that injuries be reported within 20 minutes of occurrence. Lee claims that when she was injured, she felt a “little twinge” in her back, but did not believe it was significant. Not knowing the extent of her injury, Lee went to another client’s home later that afternoon. That evening at approximately 7:30 p.m., when her pain had greatly increased, Lee eventually reported her injury to her supervisor, Leonard Collins. He purportedly reminded Lee of the company policy of reporting injuries and asked her to contact the administrator, Beverly Raymo. Future Expectations claims Lee refused to report the injury, and Collins ended up reporting the injury to Raymo.
On the following day, Raymo instructed Collins to contact Lee and 12inform her she was terminated for violating the company’s aceidenVinjury reporting policy. Lee claims she was not told why she was terminated — she assumed it was because she was injured on the job.
Ultimately, Lee filed a claim for workers’ compensation benefits,- and that matter was settled. This lawsuit for retaliatory discharge ensued. After a trial of the matter, the trial court entered judgment in Lee’s favor, finding that a retaliatory discharge had been made. Lee was awarded one year’s wages (i.e., $20,280.00) together with $5,000.00 in attorney fees and costs of the proceeding. Future Expectations appeals the judgment.
Discussion
On appeal, Future Expectations brings one assignment of error, submitting that the trial court erred by finding that it terminated Lee’s employment in retaliation for her filing a workers’ compensation claim and awarding damages, attorney fees and costs. Future Expectations maintains that Lee was an “at will” employee who was terminated for knowingly and willfully violating two of her employer’s company policies: failure to wear a back brace and failure to report her injury as required. It also argues that Lee failed to prove by a preponderance of the evidence that it retaliated against her, as required by La. R.S. 23:1361.
Louisiana R.S. 23:1361 B addresses the issue of retaliatory discharge and provides as follows:
No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his | ^¡employment.
The purpose of La. R.S. 23:1361 B is “to prevent unjust dismissals and to allow employees to exercise their right to workers’ compensation benefits without fear of retaliatory action by their employers.” Ducote v. J.A. Jones Const. Co., 471 So.2d 704, 707 (La.1985); Hooker v. Wal-Mart Stores, Inc., 38,350 (La.App.2d Cir. 04/07/04), 870 So.2d 1131, writ denied, *1038 2004-1420 (La.09/24/04), 882 So.2d 1142. Even so, the employee bears the burden of proving by a preponderance of the evidence that he was terminated for that reason. Hooker, supra; Lewis v. Willamette Indus., Inc., 537 So.2d 780 (La.App. 2d Cir.1989), writ denied, 540 So.2d 331 (La. 1989). When the employer offers another justification in connection for firing a workers’ compensation claimant, the trial court must ascertain the employer’s true reason or motive based on the facts presented. An employer cannot circumvent the statute by stretching the facts out of context or inventing an excuse for firing a compensation claimant. Lewis, supra at 783.
The trier-of-fact’s function in a retaliatory discharge claim such as this is to ascertain the true motive for the employee’s discharge. King v. Career Training Specialists, Inc., 35,050 (La.App.2d Cir. 09/26/01), 795 So.2d 1223. A determination that a retaliatory discharge was made concerns a factual conclusion that may not be disturbed by this court in the absence of manifest error. Orr v. Bancroft Bag, Inc., 29,046 (La.App.2d Cir.01/22/97), 687 So.2d 1068.
Here, Lee was terminated shortly after her injury occurred, but before |4she actually had filed a claim with the Office of Workers’ Compensation. However, the fact that Lee had not yet filed a claim for benefits does not preclude recovery for her on an action for retaliatory discharge under La. R.S. 23:1361. As noted in King, supra at 1226:
The statute’s use of the term “asserted” rather than the term “filed” shows that the legislature intended the protections of this statute to extend to those injured employees who had not yet brought a formal claim, via form 1008, for benefits. To interpret the statute otherwise would allow employers to fire injured employees because of their injury so long as the firing was accomplished before the employee could formally file a claim.
In its reasons for judgment, the trial court determined that the circumstantial evidence at trial was sufficient to prove that the “real reason that [Lee] was discharged ... was that she was going to assert a claim for benefits under the workers’ compensation statute.” That finding was not manifestly erroneous.
Here, the facts tend to weigh against Future Expectations. The basis for Lee’s discharge arose only upon the work-related injury of the employee and the coming into existence of Lee’s claim for workers’ compensation benefits from Future Expectations. In fact, Future Expectations has never wavered from its assertion that Lee was fired soley because she failed to adhere to its company policy by reporting her injury within 20 minutes of its occurrence. At the trial of the matter, Raymo admitted that had Lee not been injured on the job, she would not have been terminated. Furthermore, the evidence gives indication that Future Expectations had knowledge of the extent of Lee’s injury— according to Lee, she informed Raymo the next day that she was confined to her bed as a result. If Lee was indeed terminated | sSimply for failing to report her injury within 20 minutes, such a reason is directly related to a possible workers’ compensation claim. The basis for Lee’s termination was her injury, which was also the basis for her workers’ compensation claim.
It appears that the trial court, hearing the evidence at trial, detected a retaliatory motive for Lee’s termination. Future Expectations’ policy does not allow an employee to exercise her rights for workers’ compensation benefits without fear of termination. The trial court’s determination that Future Expectations’ motive was re *1039 taliatory was not in error, and Future Expectations’ assignment of error is without merit.

Lee’s Answer to Appeal

Lee has filed an answer to the appeal, noting that the trial court awarded her attorney’s fees and costs pursuant to La. R.S. 23:1361 C. In her answer to appeal, Lee requests additional attorney’s fees incurred by her on the appeal.
A plaintiff who is entitled to an attorney fee by statute or contract, and who actually receives one at trial, is ordinarily entitled to an additional attorney fee for handling the defendant’s unsuccessful appeal. Frith v. Riverwood Inc., 2004-1086 (La.01/19/05), 892 So.2d 7; Transpetco I Joint Venture v. Clearview Investments, Ltd., 48,987 (La.App.2d Cir.05/14/14), 139 So.3d 49. Considering the issues at hand and the amount of the fee already awarded for the trial, we find an additional award of $2,000.00 is reasonable for handling the appeal.
AFFIRMED AND ADDITIONAL ATTORNEY FEE AWARDED.