JUDY BARRIE                               *         NO. 2020-CA-0469

VERSUS                                    *         COURT OF APPEAL

CITY OF NEW ORLEANS AND                   *         FOURTH CIRCUIT
TIFFANY A. ROMANO
                                          *         STATE OF LOUISIANA

                                          *

                                          *
                                  * * * * * * *


**LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS**

    I concur with the decision of the majority to affirm the judgment of the district court dismissing Judy Barrie's action to quiet title. I respectfully dissent from the majority's decision to reverse the judgment of the district court dismissing Ms. Barrie's claim for reimbursement and to reinstate Ms. Barrie's claim for reimbursement.

    La. R.S. 9:5633(E)(1) provides: "[i]n the event that the owner is successful in bringing a real action against the possessor pursuant to Code of Civil Procedure Article 3651 et seq., the owner shall reimburse the possessor . . . ." Thus, by its very terms, La. R.S. 9:5633(E)(1) applies only where "the owner is successful in bringing a *real action* against the possessor." (emphasis added).

    A personal action is one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess. La. C.C.P. art. 422. A real action is one brought to enforce rights in, to, or upon immovable property. La. C.C.P. art. 422. The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who

claims the ownership thereof adversely, *to obtain judgment recognizing the plaintiff's ownership.* La. C.C.P. art. 3651 (emphasis added).

In the case *sub judice*, the Reconventional Demand filed by the property owner, Tiffany Romano, asserts claims for tortious destruction of property, tortious conversion of property, trespass, abuse of right, and fraud and intentional misrepresentation. The Reconventional Demand prays for judgment "in the full sum of all such *damages* as set forth above and as may be proven at trial[.]", (emphasis added). Ms. Romano's Reconventional Demand seeks monetary damages, not a "judgment recognizing [her] ownership" in the Property and therefore is a personal action, not a real or petitory action. Accordingly, La. R.S. 9:5633(E)(1) does not apply.

Ms. Barrie alternatively seeks reimbursement under the doctrine of detrimental reliance. The theory of detrimental reliance is codified at La. C.C. art.1967, which provides, in pertinent part, that "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. C.C. art. 1967. Significantly, to prevail on a detrimental reliance claim, Louisiana law does not require proof of a formal, valid, and enforceable contract. *Suire v. Lafayette City-Par. Consol. Gov't*, 2004-1459, p. 31 (La. 4/12/05), 907 So.2d 37, 59 (citing *Babkow v. Morris Bart, P.L.C.,* 1998-0256, p. 12 (La. App. 4 Cir. 12/16/98), 726 So.2d 423, 429).

The doctrine of detrimental reliance is "'designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence.'" *Babkow,* 1998-0256, p. 7, 726 So.2d at 427 (quoting *Orr v. Bancroft Bag, Inc.,* 29,046, p. 3 (La. App. 2 Cir. 1/22/97), 687 So.2d 1068, 1070); *Andrus v. Andrus,* 93-856 (La. App. 3 Cir. 3/2/94), 634 So.2d 1254, 1258). To establish detrimental reliance, a party must prove three elements

by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. *Lakeland Anesthesia, Inc. v. United Healthcare of La., Inc.,* 2003-1662, p. 18 (La. App. 4 Cir. 3/17/04), 871 So.2d 380, 393, *writ denied,* 2004-0969 (La. 6/25/04), 876 So.2d 834; *Babkow,* 1998-0256, p. 8, 726 So.2d at 427. The Louisiana Supreme Court has cautioned that "it is difficult to recover under the theory of detrimental reliance, because estoppel is not favored in Louisiana law." *Boes Iron Works, Inc. v. Gee Cee Grp., Inc.*, 2016-0207, p. 17 (La. App. 4 Cir. 11/16/16), 206 So.3d 938, 951, *writ denied*, 2017-0040 (La. Feb. 10, 2017), 216 So.3d 45 (citing L*ouisiana Office of Risk Mgmt. v. Richard*, 2013-0890, p. 5 (La. 10/15/13), 125 So.3d 398, 402).

In support of her detrimental reliance claim, Ms. Barrie alleges that Ms. Romano "stood by as Ms. Barrie paid numerous years taxes, remediated the blight and maintained the property for years," and that "[u]nder these circumstances, Ms. Barrie was justified in believing that Ms. Romano would not challenge her right to implement the demolition judgment." The evidence in the record does not support Barrie's detrimental reliance claim.

Ms. Barrie undertook remediation activities in an effort to acquire ownership of the Property under the provisions of La. R.S. 9:5633, not as a result of any statement made by Romano through her inaction. Ms. Barrie provides the following explanation in her Appellate Brief as to why she undertook remediation activities on the Property: "Judy Barrie initiated a process under LA. REV. STAT. § 9:5633, *et seq to acquire ownership* of property located at 122 16th Street, New Orleans, LA." (emphasis added). Had Ms. Barrie complied with the twelve-step process for perfecting ownership set forth in the statute, she would have acquired ownership of the Property.

Contrary to Ms. Barrie's claim, the evidence presented by Ms. Romano, which was not contested, established that Ms. Romano did not "stand by" and "do nothing" while Ms. Barrie took steps to perfect ownership in the Property under La. R.S. 9:5633. Ms. Romano paid the ad valorem taxes for the years 2013, 2014, and 2015. Ms. Romano consistently maintained the grass. She changed the locks on the two story residential structure located on the Property on October 15, 2012. Ms. Romano placed a dumpster adjacent to the dwelling in June 2013. At the time that the demolition permit was issued on October 30, 2013, renovation work was underway. By that date, the roof had been replaced, and new windows had been installed. Subsequent to the demolition of the dwelling, Ms. Romano posted "no trespassing signs" on the Property and erected fences around the Property. Accordingly, Ms. Barrie's reimbursement claim must fail.