210 So.2d 373 (1968)
P. J. SCALIA, Plaintiff-Appellee,
v.
The TRAVELERS INSURANCE COMPANY, Defendant-Appellant.
No. 10999.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1968.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellant.
Robert W. Kostelka, Monroe, for appellee.
Before AYRES, PRICE and STEPHENS, JJ.
AYRES, Judge.
This is an action upon an insurance contract wherein plaintiff seeks to recover disability benefits at the rate of $80.00 per week for the period of his total disability not exceeding 260 weeks, less credits for payments previously made. Recovery of medical expense to the extent incurred but not to exceed $2,500.00 was also sought. From a judgment for these amounts in plaintiff's favor, defendant appealed.
Plaintiff, as a vendor of products of Humble Oil & Refining Company, was insured as a principal marketer in a group accident insurance policy. While so insured, plaintiff sustained accidental injuries November 24, 1965, in a motor vehicle collision. He contends that because of the injuries sustained he is unable to perform all substantial and material acts of his occupation in the usual and customary manner and hence that he is totally disabled.
The defenses are that plaintiff was not totally disabled in fact, nor within the definition *374 of the term contained in the policy wherein it is recited that:
"The term `total disability' as used herein means the complete inability of a Participant to perform any and every duty pertaining to any and every occupation or employment."
In construing similar language of insurance contracts, a uniform rule has been adopted to the effect that total disability as contemplated by an accident insurance policy does not mean, as its literal construction would require, a state of absolute helplessness but contemplates inability to do substantially all the material acts necessary to the prosecution of the insured's business or occupation in substantially his usual and customary manner. Crowe v. Equitable Life Assur. Soc. of United States, 179 La. 444, 154 So. 52 (1934); Boughton v. Mutual Life Ins. Co. of New York, 183 La. 908, 165 So. 140 (1935); Madison v. Prudential Ins. Co. of America, 190 La. 103, 181 So. 871 (1937); Strauss v. New York Life Ins. Co., 204 La. 202, 15 So.2d 61 (1943); Ayres v. New York Life Ins. Co., 219 La. 945, 54 So.2d 409 (1951); Dennis v. Business Men's Assurance Company of Amer., 175 So.2d 431 (La.App., 2d Cir. 1965writ refused); Rambin v. Continental Casualty Company, 186 So.2d 861 (La.App., 2d Cir. 1966writ refused).
Plaintiff's injury was originally diagnosed as a lumbosacral strain. After a prolonged period of complaint of pain, discomfort, and disability, and, as a result of a myelogram of March 6, 1967, the injury was diagnosed as a midline type L4-L5 disc protrusion of mild to moderate character. Treatment consisted of physiotherapy, muscle relaxants, and pain relievers administered while undergoing hospitalization and as an out-patient, and the wearing of back supports. Traction was applied for a period of 10 days.
Following the accident plaintiff was treated by his physician, Dr. Fred Marx who, on account of plaintiff's continued complaints of pain and disability, referred him to Dr. Frank X. Cline, Jr., an orthopedist, who saw plaintiff for the first time three days following the accident. Plaintiff was under the care and attention of Dr. Cline for a period of 15 months, that is, until February of 1967.
Plaintiff was hospitalized March 8, 1966, and placed in traction because his progress of recovery was unsatisfactory. He was again hospitalized August 2, 1966, when the myelogram was performed by Dr. L. G. Barraza. Dr. Cline gave his opinion that it usually takes a full year for an average person injured in a manner comparable to plaintiff to recover sufficiently to return to unlimited activities. Prolonged recovery was anticipated in plaintiff's case because of his excessive weight and posture which placed an abnormal stress on the vertebrae of the lumbosacral area.
Dr. R. C. Llewellyn, a neurosurgeon to whom plaintiff was referred by Dr. Cline, noted, in his report, the disc protrusion which he characterized as mild to moderate, with a possibility of deterioration in the tissue.
Plaintiff's occupation was that of owner and operator of a service station. Two or three employees assisted him in this operation. Activities conducted comprised, in addition to the sale and delivery of gasoline and oil to customers' cars, the lubrication and washing of cars, repair of flat tires, and the performance of minor mechanical repairs such as the installation of mufflers. Prior to the accident plaintiff regularly performed or assisted in the performance of all physical activities required in the operation of the service station. Since the accident, however, he has been unable to perform all of such duties. His activities have been confined to the administrative features such as keeping the records and making reports of his operations and business. He must now avoid constant physical exertionbending, stooping, or lifting. Servicing of cars with gasoline and the wiping or cleaning of windshields may be *375 done by him only occasionally. The physical exertion required in the repair of "flats" and the performance of manual labor required in making mechanical repairs to cars are beyond his physical ability.
The conclusion is inescapable that plaintiff is unable to perform a number of substantial and material acts necessary to the carrying on of his business in the usual and customary manner where strenuous physical labor is required and he is therefore totally disabled within the policy definition of the term.
Plaintiff was paid disability benefits for a period of 15 weeks. Defendant is entitled to a specific credit therefor.
With reference to medical expenses, the record reveals that plaintiff has expended the sum of $967.65 and, of that amount, defendant has paid $783.75, inclusive of an uncashed check of February 1, 1967, for $502.60, which leaves a net due in addition to the aforesaid check in the sum of $183.90.
For the reasons assigned, the judgment appealed is amended and recast; and
Accordingly, it is Ordered, Adjudged, and Decreed that plaintiff, P. J. Scalia, have and recover judgment of the defendant The Travelers Insurance Company, for the full sum of $80.00 per week beginning November 24, 1965, during the period of plaintiff's total disability, not, however, to exceed 260 weeks, with 5% per annum interest on each of said installments from its maturity until paid, less payments made covering a period of 15 weeks, and for the further and other sum of $183.90 incurred as medical expenses, with legal interest thereon from judicial demand until paid, and for all costs of this suit, including the cost of this appeal as well as the sum of $100.00 as an expert-witness fee for Dr. Frank X. Cline, Jr.
It is further Ordered, Adjudged, and Decreed that plaintiff's rights to recover additional medical expenses necessarily incurred in the treatment of his injuries, to the extent provided in the insurance contract, be, and they are hereby, reserved.
Amended and affirmed.