PLOTKIN, Judge.
Defendant Continental Casualty Co. appeals a trial court finding that plaintiff Harold J. Yuratich, Sr. has been “consistently disabled within the meaning of the policy of insurance and Louisiana jurisprudence since termination of his employment with Zenith and continuing until his 65th birthday on November 25 of [1991], should his disability continue until then.” We affirm.
Yuratich was employed by Zenith from March of 1968 until June 3, 1974, as a field service representative, which required him to travel around several southern states conducting service seminars and consulting with Zenith service managers. He was terminated from that employment because of health problems, including liver disease, hypoglycemia, obstructive pulmonary disease, and hyperthyroidism. Although he never returned to work for Zenith, he was later employed by Brannon Service Corporation for about 18 months beginning April 15, 1978. Yuratich testified at trial that his only duties for Brannon were to “lecture while sitting on a tall stool” twice a year. His supervisor in the Brannon job did all the driving, as well as the physical and manual labor necessary to set up the training sessions. Yuratich did not travel in his job with Brannon.
Yuratich filed the instant suit seeking benefits under a long-term disability policy issued by defendant Continental Casualty. The trial court originally found that Yura-tich was disabled and awarded benefits under the insurance policy; however, the trial court terminated the benefits in April of 1978, when Yuratich became employed by Brannon. On appeal, this court found that the trial court erred “in deciding that plaintiff’s employment by Brannon automatically terminated his entitlement to benefits” because “the court failed to make the factual determination prescribed by the [Louisiana] Supreme Court in the LaBorde [v. Employers Life Insurance Co., 412 So.2d 1301 (La.1982) ] case.” Yuratich v. Continental Casualty Co., 517 So.2d 1212 (La. App. 4th Cir.), writ denied 519 So.2d 145 (La.1988). The court’s determination that the LaBorde decision controls the instant
case was based on a finding that the insurance policy at issue in this case contains a “similar definition” of “total disability” as the policy in LaBorde. The case was remanded to the trial court for determination of “whether plaintiff could have performed as he did previous to his alleged disability when he took the sheltered job with Bran-non.” Id. at 1215. Among the express reasons for ordering the remand was this court’s belief that “fairness and justice require that the parties have an opportunity to develop a full and complete record and to have the factual determination made by the trier of fact.” Id.
On remand, neither party offered any new evidence. Based on the evidence gathered in the original trial and the memorandums submitted by the parties, and following the mandate from this court, the trial court reversed its previous ruling and *823 awarded the plaintiff disability benefits from the date of his termination by Zenith until his 65th birthday. The court found “no substantial evidence to indicate that claimant made sufficient physical recovery at any time subsequent to April 15, 1978 to resume his work with Zenith.” The trial court then found that Yuratich was not entitled to benefits during the period he actually worked for Brannon. Continental Casualty appealed, contesting only the portion of the judgment finding the plaintiff totally disabled.
Under the Laborde standard for determining whether a disability is continuing, the court must determine whether the claimant “could have performed the substantial and material part of his occupation in the usual and customary way.” 412 So.2d at 1304. Because the record in this case contains ample evidence to support the trial court’s decision that Yuratich did not meet the standard, we find no error in that judgment.
At trial, Yuratich testified unequivocally that he was unable to perform his job duties at Zenith from the date of termination until the date of the trial, notwithstanding the fact that he took the job with Brannon. As noted above, Yuratich’s only duties with Brannon were to lecture twice a year. His job at Brannon did not require the traveling, or the heavy lifting and carrying, required by his job with Zenith. Additionally, the medical testimony presented at trial corroborated Yuratich’s testimony on this issue.
The defendant presented no countervailing evidence either in the original trial or on remand. In brief to this court, Continental Casualty argues that the only difference in the job at Brannon from the job at Zenith was the fact that at Brannon the “meetings were in the New Orleans area and were conducted while sitting, whereas at Zenith he travelled to conduct his meeting and apparently did so while standing.” Like the trial judge, we find those differences significant. Continental Casualty repeatedly argues that “the substantial and material part of the plaintiff’s occupation [in both jobs] was to convey to others his knowledge of and expertise in the field of electronics,” in an apparent attempt to downplay the importance of the travel in Yuratich’s job with Zenith. However, the record contains a document prepared at the time Yuratich was hired by Zenith, which states, under the heading “Job Description,” as follows: “Will travel—visiting distributors in specified areas.” That document reveals the importance attached to the travel portion of the job with Zenith by the plaintiff’s employers. The travel was obviously a “substantial and material part” of the job. It is clear from the trial record that Yuratich was unable to perform that “substantial and material part” of his duties at Zenith “in the usual and customary way” from the time of his termination by Zenith. Likewise, it is clear that Yura-tich could not have “performed as he did previous to his alleged disability when he took the sheltered job with Brannon.” Yu-ratich, 517 So.2d at 1215.
On appeal, the defendant argues that the Laborde standard should not apply to the instant case because of differences in the language between the policies at issue in the two cases, focusing on the fact that the policy at issue here defines “total disability” as the “continuous inability” to engage in occupation, while the policy in LaBorde defined “total disability” as the “complete inability” to engage in occupation. We find no significance in the differences in policy language. In LaBorde, the Louisiana Supreme Court established a policy for interpreting total disability insurance policies “liberally to permit recovery ... without the need to prove ... abject helplessness.” 412 So.2d at 1304. The language in the insurance policy interpreted in LaBorde was restrictive in the same manner as the language in the policy at issue here. The defendant is correct in its contention that whether a disability is indeed “continuous,” depends on the unique facts in each case. However, in this case, we find that the record supports the trial court’s determination that the plaintiff was continuously totally disabled from performing his job at Zenith from the time of his dismissal until his 65th birthday, including *824 the period he engaged in sheltered employment for another company.
Under the standards expressly dictated by this court in the previous opinion, as well as those established by the applicable jurisprudence, the trial court correctly concluded that Yuratich’s disability was continuing even after his employment with Brannon. Accordingly, the trial court judgment court is affirmed.
AFFIRMED.
LANDRIEU, J., dissents.