769 So.2d 639 (2000)
Juanita ROBINSON, Plaintiff-Appellant,
v.
BROOKSHIRES # 26, d/b/a Tasty Bakery Grocery, et al., Defendants-Appellees.
No. 33,713-CA.
Court of Appeal of Louisiana, Second Circuit.
August 25, 2000.
Dissenting Opinion September 21, 2000.
Rehearing Denied September 21, 2000.
S.P. Davis, Sr., Shreveport, Counsel for Appellant.
Lunn, Irion, Salley, Carlisle & Gardner by James A. Mijalis, Shreveport, Counsel for Appellees.
Before BROWN, STEWART and GASKINS, JJ.
Dissenting Opinion of Judge Stewart, September 21, 2000.
BROWN, J.
The issue in this action for injuries arising out of a "trip and fall" accident at a local grocery store is whether the trial court erred in granting summary judgment in favor of defendant. In light of the supreme court's recent decision in Babin v. Winn-Dixie, Inc., 00-0078 (La.06/30/00), 764 So.2d 37, we are constrained to affirm.

Facts and Procedural Background
On June 18, 1997, at approximately 5:15 p.m. while shopping with her niece at the Brookshire's grocery store in Springhill, Louisiana, Juanita Robinson, a retired elementary *640 school teacher, tripped and fell in the produce department. According to Mrs. Robinson, the cause of her fall was a three to four-inch "puckle" in the rug. As a result of her accident, Mrs. Robinson sustained injuries to her right knee and leg.
On April 27, 1998, plaintiff, Juanita Robinson, filed the instant action seeking redress for her injuries, naming as defendant Brookshires # 26 d/b/a Tasty Bakery Company ("Brookshire"),[1] the owner and operator of the premises upon which plaintiff's accident occurred.
Thereafter, on November 13, 1998, Brookshire filed a motion for summary judgment. After allowing plaintiff additional time within which to complete discovery, the trial court granted Brookshire's motion for summary judgment, finding that plaintiff failed to produce any evidence from which it could be shown that defendant had either actual or constructive notice of the dangerous condition. It is from this judgment that plaintiff has appealed.

Discussion
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action except those disallowed by law. La.C.C.P. art. 966(A)(2); Norton v. Claiborne Electric Co-op, Inc., 31,886 (La.App.2d Cir.05/05/99), 732 So.2d 1256, writ denied, 99-1823 (La.10/01/99), 748 So.2d 454; Lee v. Wall, 31,468 (La.App.2d Cir.01/20/99), 726 So.2d 1044. The judgment sought shall be rendered only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B); Norton, supra; Ledent v. Guaranty National Insurance Co., 31,346 (La.App.2d Cir.12/28/98), 723 So.2d 531.
La.C.C.P. art. 966(C)(2), enacted by the legislature in 1997, places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant) who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (typically the plaintiff) must come forth with evidence which demonstrates his or her ability to meet the burden at trial. Babin, supra, citing MARAIST AND LEMMON, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE, § 6.8 (1999). Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Babin, supra; Hardy v. Bowie, 98-2821 (La.09/08/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La. App. 3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.03/14/97), 690 So.2d 41.
The governing substantive law in this case is La. R.S. 9:2800.6, which sets a heavy burden of proof for plaintiffs in a claim against a merchant for damages arising out of a fall on the premises. As most recently amended (amendments effective May 1, 1996; Mrs. Robinson's accident occurred in June 1997), La. R.S. 9:2800.6(B) requires a plaintiff to prove that:
(1) The condition created an unreasonable risk of harm to the claimant and that the risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure *641 is insufficient, alone, to prove failure to exercise reasonable care.
Plaintiff contends that the trial court erred in finding that there was no evidence of actual or constructive notice of the puckered rug by Brookshire. At the outset, however, we note that there is no evidence to suggest that Brookshire either created the condition or had actual notice of the "buckle" in the rug. In the absence of any proof that defendant had actual notice of the alleged defective condition, plaintiff was required to make a positive showing from which constructive notice could be established.
In support of its motion for summary judgment, Brookshire filed excerpts from plaintiff's deposition, an affidavit from employee Michael Mize and a deposition as well as a prior recorded statement from employee Brandon Jones. In her deposition, Mrs. Robinson stated that she did not see the pucker in the rug until after she fell. She also testified that she had no knowledge as to the length of time the condition existed prior to her accident.
Mize stated in his affidavit that he had swept and spot-mopped the produce department 10-15 minutes before plaintiff fell. Also, five minutes before the accident, he had walked through the area on his way to the back produce room. On both occasions, he observed the rug laying flat on the floor with no bunches or humps.
In his deposition, Jones stated that he did not witness Mrs. Robinson's fall, nor did he see the rug "buckled up" prior to the accident. In fact, he did not know the rug was "buckled up" until plaintiff told him. Jones' recorded statement was similar.
These filings by defendant then shifted the burden to plaintiff to submit arguable evidence that the condition causing her fall existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. Babin, supra. At the hearing on the motion for summary judgment, plaintiff submitted her own deposition, the Customer Accident Report documenting her fall and the affidavit of Antoinette Taylor.
In her deposition, as noted previously, Mrs. Robinson stated that she did not know how long the rug was puckered. However, she did opine that because of the way the rug was buckled, approximately 2½ inches high, it must have been that way for a long time.
According to plaintiff, the Customer Accident Report shows that, contrary to his deposition testimony and recorded statement, Brandon Jones did witness her accident. In the Employee's Witness Report Section of the report, Jones noted that the rug was buckled up and that he saw the accident as he was walking down the produce aisle.
Finally, plaintiff submitted the affidavit of Antoinette Taylor. Ms. Taylor stated that she witnessed the accident and that she saw that the rug was buckled.
According to plaintiff, this evidence, together with the fact that defendant breached its own floor inspection policy on the date of the accident, suggests that there are material facts in dispute as to Brookshire's knowledge of the hazardous condition posed by the puckered rug.
In Babin, supra, the submissions with the summary judgment motion were very similar to those in the present case. Babin involved several plastic toothpick boxes on the floor. In Babin, the supreme court stated:
As we explained in White, in order to prevail under La. R.S. 9:2800.6, the plaintiff must make a positive showing of the existence of the condition prior to the fall:
The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. There *642 is a temporal element included: "such a period of time ..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Despite his speculation that the condition may have existed for some period prior to his fall, plaintiff is clearly unable to make a positive showing that the condition did exist for some period of time prior to his fall. (Emphasis added).
See also Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La.04/13/99), 733 So.2d 1188; White v. Wal-Mart Stores, Inc., 97-0393 (La.09/09/97), 699 So.2d 1081.
The supreme court's statement in Babin is confusing. Obviously, if Babin slipped and fell because of toothpick boxes on the floor, or as in this case if plaintiff tripped and fell over a puckered rug, then the condition had to have existed for some period of time before the fall. Plaintiffs burden of proof, however, is to show that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6 C(1). What Babin appears to require of a plaintiff seeking to survive a motion for summary judgment is to come forth with evidence that shows how long the condition existed before the accident. Thereafter, the inferences to be drawn from that and other evidence would normally be a disputed question of fact.
As emphasized by the supreme court in Babin, supra, to avoid a summary judgment motion mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6. Instead, some positive evidence is required of how long the condition existed prior to the fall. In the instant case, as in Babin, plaintiff has failed to produce factual support sufficient to establish a credible possibility that the condition existed long enough that it would have been discovered if Brookshire had exercised reasonable care. Thus, plaintiff failed to show that she could satisfy her evidentiary burden of proof at trial. Therefore, the trial court properly granted summary judgment in favor of Brookshire.

Conclusion
For the reasons set forth above, the judgment of the trial court is AFFIRMED. Costs are assessed to plaintiff-appellant.
STEWART, J., dissents with written reasons to follow.
STEWART, J., dissenting.
The facts presented in Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.06/30/00), 764 So.2d 37, are distinguishable from those surrounding the fall of Juanita Robinson at the Brookshire's grocery store in Springhill, Louisiana. In Babin, once the defendant met the burden imposed by La.C.C.P. art. 966(C)(2) of pointing out an absence of factual support for an essential element of the plaintiffs claim under La. R.S. 9:2800.6, namely the constructive notice requirement, the plaintiff presented no evidence to establish that he would be able to satisfy his evidentiary burden at trial. The plaintiff offered only speculation that the toothpick boxes had been on the floor for some period of time. In the present case, Ms. Robinson offers the affidavit of Antoinette Taylor, a witness to the accident, who stated that she saw the rug prior to the accident and that the rug was puckled or buckled. Taylor's observation, the inconsistencies in Brandon Jones' deposition and the accident report, and the affidavit of Michael Mize taken together show the existence of the defect *643 in the rug prior to Ms. Robinson's fall and provide the temporal element required to establish constructive notice. Because this evidence demonstrates that Ms. Robinson will be able to satisfy her evidentiary burden at trial by making a positive showing of the existence of the condition prior to her fall, I respectfully dissent.

APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, CARAWAY, and KOSTELKA, JJ.
Rehearing denied.
STEWART and CARAWAY, JJ., would grant rehearing.
NOTES
[1] In its answer, defendant clarified its correct designation as Brookshire Grocery Company.