JjBROWN, J.
Defendant-insurer refused to pay disability benefits under two policies sold to plaintiff, a clinical surgeon. The trial court granted plaintiffs motion for summary judgment; however, the court denied penalties and legal fees. Both parties have appealed. We affirm and remand.

*308
Facts and Procedural Background

In December 1982, plaintiff, Lester Johnson, M.D., a clinical surgeon practicing in Rayville, Louisiana, purchased several insurance policies from Hartford Insurance Company (“Hartford”). This litigation concerns a disability insurance policy and an overhead expense policy. These policies were assigned by Hartford to defendant, Trustmark Insurance Company (“Trustmark”).[1]
In 1996, Dr. Johnson developed Meni-ere’s Disease, a disorder of the inner ear which causes dizziness, imbalance, tinnitus and insomnia, among other problems. Because of this medical condition, Dr. Johnson was unable to continue his surgical practice; however, he was immediately hired as the Chief of Staff at E.A. Conway Hospital in Monroe and as a professor of surgery at LSU Medical Center in Shreveport.
In 1997, after his diagnosis, Dr. Johnson sought total disability benefits under the above policies, both of which define “total disability” as “[y]our inability to perform the substantial and material duties of your occupation and you are not working at any other occupation.” Taking the position that Dr. Johnson was not totally disabled under the policies’ definition, Trustmark denied the claim.
On October 19, 1998, Dr. Johnson filed suit against Trustmark. After a period of discovery, Dr. Johnson filed a motion for summary judgment, urging that he was entitled to disability benefits under the policies as a matter of law.
liA hearing was held on September 16, 1999, and the trial court rendered its judgment on March 7, 2000. The trial court found in favor of Dr. Johnson on the issue of coverage, but denied an award of penalties and attorney fees, finding that Trust-mark’s refusal to pay benefits was based upon a reasonable dispute concerning the language of the policies and Dr. Johnson’s continued activity in the medical profession. It is from this judgment that both Trustmark and Dr. Johnson have appealed.

Discussion

Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2); Norton v. Claiborne Electric Co-op, Inc., 31,886 (La.App.2d Cir.05/05/99), 732 So.2d 1256, unit denied, 99-1823 (La.10/01/99), 748 So.2d 454; Lee v. Wall, 31,468 (La.App.2d Cir.01/20/99), 726 So.2d 1044.
The judgment sought shall be rendered only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Norton, supra; Ledent v. Guaranty National Insurance Co., 31,346 (La.App.2d Cir.12/28/98), 723 So.2d 531.
Appellate courts are to conduct a de novo review of the documentation supporting and opposing summary judgment under the same criteria which govern the trial court’s determination of whether summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La.03/30/95), 653 So.2d 1152; Norton, supra; Lee, supra.

Finding of Total Disability

As noted above, the policies at issue in this case define “total disability” as:
| oYour inability to perform the substantial and material duties of your occupation and you are not working at any other occupation.
Trustmark argues that Dr. Johnson’s work as a teacher and administrator involves substantially the same duties as his *309 practice in clinical surgery and if not, the trial court erred in eliminating the second requirement, i.e. not working at any other occupation.
Although not involving identical language, a similar definition of “total disability” was at issue in Scalia v. Travelers Insurance Company, 210 So.2d 373 (La.App. 2d Cir.1968). In Scalia, the policy defined “total disability” as “the complete inability of a [p]articipant to perform any and every duty pertaining to any and every occupation or employment.” (Emphasis added). This court noted an extensive line of jurisprudence adopting a uniform rule to the effect that total disability does not mean, as its literal construction would require, a state of absolute helplessness but instead contemplates an inability to substantially perform the material acts necessary in the insured’s business or occupation. Scalia, 210 So.2d at 374 (Citations omitted).[2]
RTrustmark argues that the definition in its policies is distinguishable from that of the cases cited, i.e., “Trustmark’s policies’ contain plain language barring coverage if the insured is working at all. It is an action, working, not a status, e.g., ‘unable to work’ which bars coverage.... ” This is simply a new twist to an old tale.
We find that in the instant case, the trial court properly construed the meaning of “total disability” as being the insured’s “inability to perform the substantial and material duties of his occupation.”[3] The language in the policies, “and you are not working in any other occupation,” cannot be more restrictive.
We now turn to Trustmark’s argument that the trial court erred in finding that Dr. Johnson was unable to substantially perform the material duties of his occupation.
While it is uncontroverted that Dr. Johnson went to work in an administrative capacity as chief of staff at a local hospital and in a teaching role as professor of surgery at an area medical school, the affidavits filed with the motion for summary judgment clearly establish that Dr. Johnson is now unable to maintain primary patient responsibilities or perform unassisted surgical procedures. Obviously these duties are material to a clinical sur *310 geon. Dr. Johnson’s medical condition causes dizziness, imbalance, tinnitus, insomnia, hearing loss and | [¡headaches. The affidavits of the treating physician and that of Dr. Johnson state that these problems would prevent Dr. Johnson from continuing his private practice as a clinical surgeon. There was no offering by Trust-mark to dispute these statements. Furthermore, the offerings by Dr. Johnson demonstrate that the administrative and teaching duties now being performed by him are not the same as those of a practicing clinical surgeon.
There are no material issues of fact. Dr. Johnson cannot substantially perform the material duties of a clinical surgeon. The uncontradicted affidavits show that he is totally disabled and summary judgment was proper.

Denial of Attorney Fees

Dr. Johnson urges that the trial court erred in denying his request for penalties and attorney fees. Although a request for such an award was made in the petition, it was not specifically asked for in the summary judgment motion.
La. R.S. 22:657(A) provides that claims arising under the terms of health and accident policies issued in this state shall be paid within 30 days of their presentation unless there are reasonable grounds justifying a delay or the refusal to pay. The statute subjects an insurer without just grounds to penalties and attorney fees. Morgan v. Golden Rule Insurance Co., 568 So.2d 184 (La.App. 2d Cir.1990); Nemess v. Christian Fidelity Life Insurance Co., 98-1827 (La.App. 3d Cir.04/21/99), 733 So.2d 146; Savarino v. Blue Cross and Blue Shield of Louisiana, Inc., 98-0635 (La.App. 1st Cir.04/01/99), 730 So.2d 1083.
In the instant case, Dr. Johnson sought summary judgment solely on the issue of his entitlement to total disability benefits. The evidence introduced in support of summary judgment was therefore predominantly concerned with showing that Dr. Johnson was in fact totally disabled within the intendment of the policies. The trial court denied summary judgment as to penalties and attorney fees based upon its finding that Trustmark reasonably disputed Dr. Johnson’s | ^entitlement to benefits. The evidence introduced at the hearing on Dr. Johnson’s motion for summary judgment was inadequate for such a determination. Thus, summary judgment was properly denied on this issue. Defendant filed no motion for summary judgment. Thus, this issue has not been resolved. We therefore remand for a factual determination of the reasonableness or justification of Trustmark’s denial of Dr. Johnson’s claim.

Conclusion

For the reasons set forth above, the summary judgment of the trial court awarding total disability benefits to plaintiff, Lester Johnson, M.D., is AFFIRMED. The summary judgment of the trial court denying penalties and attorney fees is AFFIRMED and the matter is REMANDED to the trial court for further proceedings. Costs are assessed to defendant, Trust-mark Insurance Company.
CARAWAY, J., dissents with written reasons.

. Plaintiff argues that a third disability policy issued by Hartford and transferred to Trust-mark is being paid. However, that policy was not in the record and its payment is not relevant to our decision.

. See Laborde v. Employers Life Insurance Co., 412 So.2d 1301 (La.1982); Ayres v. New York Life Insurance Co., 219 La. 945, 54 So.2d 409 (1951); Strauss v. New York Life Insurance Co., 204 La. 202, 15 So.2d 61 (1943); Madison v. Prudential Insurance Co. of America, 190 La. 103, 181 So. 871 (1938); Boughton v. Mutual Life Insurance Co. of New York, 183 La. 908, 165 So. 140 (1935); Crowe v. Equitable Life Assurance Society of United States, 179 La. 444, 154 So. 52 (1934); Scalia, supra; Rambin v. Continental Casualty Co., 186 So.2d 861 (La.App. 2d Cir. 1966), writ refused, 249 La. 578, 187 So.2d 740 (1966); Dennis v. Business Men’s Assurance Co. of America, 175 So.2d 431 (La.App. 2d Cir.1965), writ denied, 247 La. 1091, 176 So.2d 146 (1965); Yuratich v. Continental Casualty Co., 606 So.2d 821 (La.App. 4th Cir.1992); Phillippe v. Commercial Insurance Co. of Newark, N.J., 574 So.2d 374 (La.App. 1st Cir.1990); Rodriguez v. American Standard Life & Accident Insurance Co., 553 So.2d 479 (La.App. 3d Cir.1989), writ denied, 558 So.2d 586 (La.1990); Cannon v. Ormet Corp., 479 So.2d 555 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1023 (La.1986); Francois v. Mutual Life Insurance Co. of New York, 405 So.2d 1292 (La.App. 4th Cir.1981); Foret v. Aetna Life & Casualty Co., 337 So.2d 676 (La.App. 3d Cir.1976); LaCour v. Colonial Life & Accident Insurance Co., 324 So.2d 458 (La.App. 3d Cir.1975): Miller v. American Casualty Co., 263 So.2d 398 (La.App. 4th Cir.1972), writ denied, 262 La. 1151, 266 So.2d 441 (1972).

. La. R.S. 22:230(C), enacted by the legislature in 1990 and applicable to disability policies issued after 1990, provides:
A general definition of total disability in a policy shall not be more restrictive than one requiring the individual to be totally disabled from engaging in any employment or occupation for which he is, or becomes, qualified by reason of education, training or experience and which provides him with substantially the same earning capacity as his former earning capacity prior to the start of the disability.
The policies at issue in the instant case, having been issued prior to the effective date of the above provision, are not governed by this statutory definition of "total disability."