795 So.2d 1223 (2001)
Tony KING, Plaintiff-Appellant,
v.
CAREER TRAINING SPECIALISTS, INC., Defendant-Appellee.
No. 35,050-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2001.
*1224 C. Daniel Street, Monroe, Counsel for Appellant.
Cook, Yancey, King & Galloway, by S. Price Barker, G. Brian Baker, Brian A. Cowan, Shreveport, Counsel for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
STEWART, Judge.
This is an appeal by plaintiff Tony King from a judgment granting summary judgment in favor of defendant Career Training Specialists, Inc. (CTSI). For the following reasons, we reverse and remand.

FACTS
This is an action for damages due to the alleged retaliatory discharge of Tony King from his employment as a maintenance worker with CTSI after King asserted a workers' compensation claim. Because this matter was decided on a motion for summary judgment, the facts are developed from depositions.
King was hired in November 1998 to work at CTSI for 40 hours per week. CTSI is a training facility with approximately 8 classrooms, 10 or 12 offices, 4 restrooms and between 100 and 175 students. King's job duties included general cleaning and maintenance, and he was apparently the only person assigned those duties.
King stated that on Thursday, December 9, 1999, he injured his rib cage:
One of the students was entering through the back door at the hall and I reacted in ain a mannerwell, I twisted my whole body and it was in an awkward position and it caused me to pull my rib cage out of place.
King returned to work on Monday, December 13, 1999. King said that he went to see the school director, John Wayne Childers, and that Mr. Childers told him to see a doctor. Mr. Childers could not recall if Mr. King reported the incident that day but did recall that King told him that he had hurt himself and that he (Childers) told Mr. King to see a doctor.
On December 29, 1999, Mr. King brought a "doctor's excuse" from his chiropractor to work to explain why he had not been at work for a few days. Mr. Childers was out of town, so King brought the excuse to Dean Susan Linkford instead. As King left Linkford's office, CTSI Director *1225 of Admissions Warren Wallace asked King to come into his office and then told Mr. King that his employment with the school was terminated. King said that he would take that up with Mr. Childers upon Childers' return.
On January 3, 2000, Mr. King spoke with Mr. Childers. Mr. Childers also told Mr. King that he was terminated. According to Mr. King, Mr. Childers said that the termination "came from the corporate office" due to a budget cut. Mr. Childers said that the school terminated Mr. King's employment because he (Childers) determined that the maintenance of the school was not a "40 hour a week necessary position" in light of budget cuts required by the corporate owner of the school. Childers said that after Mr. King's injury and before his termination, the school used an 18-year-old employee for cleaning and maintenance. The employee worked at night and would "come in a few hours earlier" and was paid by the hour. After this employee left, the school hired another maintenance worker who "does the clean-up at night and on weekends." Childers said that this employee sometimes mopped or waxed the floors and that the school sometimes hired an outside contractor to do this. The school now has an individual, Willie Linkford (a relative of Dean Linkford), that maintains the floors.
On January 4, 2000, CTSI reported Mr. King's accident in an "Employer Report of Injury / Illness" form for the Louisiana Office of Workers' Compensation. Mr. Childers further said that he spoke to representatives of CTSI's workers' compensation insurance carrier by telephone and that CTSI mailed the insurer some information. Childers' deposition contains a form from the insurer dated January 4, 2000, reflecting that Childers had reported King's injury on that date.
Mr. Childers further said in his deposition and by affidavit that other CTSI employees were terminated due to budget cuts. These other employees included two instructors, a clerical worker, the placement director, and the director of admissions, Warren Wallace, who had fired Mr. King. These layoffs occurred from January through March 2000. Mr. King was not aware that any other school employees were terminated prior to or subsequent to his termination.
Warren Wallace stated that after King was fired, he and Childers assisted in cleaning the school by taking out trash while other employees would vacuum the floors. Wallace also said that during the holiday period, the school embarked on a significant facility improvement program. These improvements included the remodeling of various areas of the school and the installation of a computer network. Wallace estimated the total cost of the improvements to be just under $20,000.00.
In February, Mr. King's chiropractor released him to return to work and King approached Mr. Childers about returning to work for the school, but Childers did not rehire King. On March 9, 2000, King filed suit against CTSI urging that his termination was in retaliation for his claim for workers' compensation. On July 11, 2000, CTSI filed an exception of no cause of action. The trial court took this exception under advisement on July 13, 2000, but the record does not reflect a ruling. On August 21, 2000, CTSI filed a motion for summary judgment. On September 29, 2000, King filed an opposition to the motion for summary judgment, attaching the depositions of the parties in their entirety. On January 9, 2001, the trial court granted the motion for summary judgment, and King now appeals.

DISCUSSION
King urges on appeal that the trial court erred in granting summary judgment because *1226 there remain disputed issues of material fact concerning the reasons for his termination. CTSI urges that the trial court properly granted summary judgment because there is no evidence that King filed a claim for compensation; and budget cuts are indisputably the reason that CTSI fired King.
Initially, we note that the district court, and not the Office of Workers' Compensation, has jurisdiction over actions for retaliatory discharge. Sampson v. Wendy's Management, 593 So.2d 336 (La. 1992); Fontenot v. Flaire, Inc., 26,055 (La. App.2d Cir.8/17/94), 641 So.2d 1062.
We next address CTSI's argument that King is precluded from recovery because he did not file a disputed claim for compensation with the Office of Workers' Compensation by filing a form 1008. La. R.S. 23:1361 provides in part:
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with reasonable attorney's fees and court costs.
(Emphasis added.)
On this point we agree with the fourth circuit's reasoning in Nicholson v. Transit Management of Southeast Louisiana, d/b/a R.T.A., 00-0706 (La.App. 4th Cir.2/14/01), 781 So.2d 661. Clearly King had "asserted" a claim for workers' compensation due to his work-related injury, and documents from CTSI's insurer confirm that the insurer was processing the claim. The statute's use of the term "asserted" rather than the term "filed" shows that the legislature intended the protections of this statute to extend to those injured employees who had not yet brought a formal claim, via form 1008, for benefits. To interpret the statute otherwise would allow employers to fire injured employees because of their injury so long as the firing was accomplished before the employee could formally file a claim.
We finally consider the merits of the trial court's decision to grant summary judgment in favor of CTSI. In Knowles v. McCright's Pharmacy, Inc., 34,559 (La. App. 2d Cir.4/4/01), 785 So.2d 101, this court explained the purpose and review of motions for summary judgment:
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action except those disallowed by law. La. C.C.P. art. 966(A)(2); Robinson v. Brookshires # 26, 33,713 (La.App. 2d Cir.8/25/00), 769 So.2d 639; Norton v. Claiborne Electric Co-op, Inc., 31,886 (La.App. 2d Cir.05/05/99), 732 So.2d 1256, writ denied, 99-1823 (La.10/01/99), 748 So.2d 454; Lee v. Wall, 31,468 (La. App. 2d Cir.01/20/99), 726 So.2d 1044. The judgment sought shall be rendered only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if *1227 any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Robinson, supra; Norton, supra.

Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La.12/08/00), 775 So.2d 1049; Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.02/29/00), 755 So.2d 226. Furthermore, as noted by the supreme court in Independent Fire Insurance Co., supra, the trial court cannot make credibility determinations on a motion for summary judgment. It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Additionally, the weighing of conflicting evidence has no place in summary judgment procedure. Smith v. Lynn, 32,093 (La.App. 2d Cir.08/18/99), 749 So.2d 692; Harrison v. Parker, 31,844 (La.App. 2d Cir.05/05/99), 737 So.2d 160, writ denied, 99-1597 (La.09/17/99), 747 So.2d 565.
In deciding a motion for summary judgment, the court must assume that all of the affiants are credible. Inasmuch as summary judgments deprive the litigants of the opportunity to present their evidence to a jury, they should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. Independent Fire Insurance Co., supra.

A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Hardy v. Bowie, 98-2821 (La.09/08/99), 744 So.2d 606; Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.07/05/94), 639 So.2d 730. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. Id.

The purpose of La. R.S. 23:1361 is to prevent unjust dismissals and to allow employees to exercise their right to workman's compensation benefits without fear of retaliatory action by their employer. Ducote v. J.A. Jones Construction Co., 471 So.2d 704, 707 (La.1985). In Orr v. Bancroft Bag, Inc., 29,046 (La.App.2d Cir.1/22/97), 687 So.2d 1068, 1070, this court stated:
An employee shall not be discharged because of having asserted a claim for worker's compensation benefits. La. R.S. 23:1361. Even so, the employee bears the burden of proving he had been terminated for that reason. Lewis v. Willamette Industries, Inc., 537 So.2d 780 (La.App. 2d Cir.1989), writ denied, 540 So.2d 331 (La.1989); Bailey v. Martin Brower Co., 94-1179 (La.App. 1st Cir.04/07/95), 658 So.2d 1299. When the employer offers another justification in connection with firing a worker's compensation claimant, the trial court must ascertain the employer's true reason or motive based on the facts presented. Id. Such a determination concerns a factual conclusion that may not be disturbed by this court in the absence of manifest error. Bailey, supra.

In this case the employer has urged that budget cuts, and not some fault on the part of the employee, led to Mr. King's termination. Compare Myers v. Omni Hotel, Inc., 94-2004 (La.App. 4th Cir.4/13/95), 654 So.2d 771, where documented employee fault was found to be a sufficient independent reason for termination coincident with the employee's filing of a compensation claim. As the court said *1228 in Moore v. McDermott, Inc., 494 So.2d 1159, 1162 (La.1986):
Admittedly it will normally be difficult for a plaintiff worker to prove an employer's reason, or motivation for firing him. Rarely will it occur, as in Wiley v. Missouri Pacific Railroad Co., 430 So.2d 1016 (La.App. 3d Cir.1982), that the employer will give that very reason in writing.
In support of the employer's position in this case is the deposition testimony of Mr. Childers, who made the decision to fire King, and Childers' affidavit showing that several other CTSI employees were terminated due to budgetary constraints. In support of Mr. King's claim, there is evidence that the discharge occurred shortly after he returned to work after his injury. The timing of his dismissal alone is insufficient to carry Mr. King's burden of proof. However, in this case the timing of Mr. King's discharge was not the only evidence offered in support of his claim. The trial court observed that the evidence of CTSI's facility upgrade was "of no evidentiary value." We disagree. This evidence tends to show that CTSI had funds available for the renovation and expansion of the infrastructure of its physical plant. Moreover, the evidence tends to show that CTSI continued to have need for maintenance services after Mr. King's termination and that CTSI had to pay either employees or independent contractors to perform these services. Both of these items are material to the question of the employer's intent in firing Mr. King. Because that intent remains a disputed question, summary judgment is not appropriate.

CONCLUSION
For the above reasons, the judgment of the district court granting summary judgment in favor of CTSI is reversed and this case is remanded for further proceedings. Costs of this appeal are assessed to CTSI.
REVERSED AND REMANDED.